# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| RICARDO SILVA, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | No.  3:24-CV-00080-LS |
| v. | § | |
| | § | |
| ASSET PROTECTION AND | § | |
| SECURITY SERVICES. L.P., D/B/A | § | |
| GLOBAL PRECISION SYSTEMS, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS

Plaintiff has submitted a motion for attorney's fees after prevailing at trial on his claim of retaliation under the Americans with Disabilities Act ("ADA").[1] For the following reasons, the Court grants Plaintiff's motion in part and denies it in part.

## I.    LEGAL STANDARD.

A prevailing party is allowed "a reasonable attorney's fee, including litigation expenses, and costs" under the ADA.[2]   To calculate an appropriate attorney's fee, the court first uses the lodestar method.[3] This is done by "[m]ultiplying the number of hours reasonably spent on the case by an appropriate hourly rate in the community for such work."[4] "There exists a strong presumption of the reasonableness of the lodestar amount."[5]

---

[1] ECF No. 90.
[2] 42 U.S.C. § 12205; *No Barriers, Inc. v. Brinker Chili's Tex., Inc.*, 262 F.3d 496, 498 (5th Cir. 2001).
[3] *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 (5th Cir. 2006).
[4] *Id.*
[5] *Id.* at 800.

After determining this figure, the court must look to the factors mentioned in *Johnson v. Georgia Highway Express, Inc.*[6] ("*Johnson* factors") to determine whether to increase or decrease the lodestar amount.[7] The *Johnson* factors are:

1. The time and labor required;

2. The novelty and difficulty of the questions;

3. The skill requisite to perform the legal service properly;

4. The preclusion of other employment by the attorney due to acceptance of the case;

5. The customary fee;

6. Whether the fee is fixed or contingent;

7. Time limitations imposed by the client or the circumstances;

8. The amount involved and the results obtained;

9. The experience, reputation, and ability of the attorneys;

10. The "undesirability" of the case;

11. The nature and length of the professional relationship with the client; and

12. Awards in similar cases.[8]

However, the lodestar amount should not be adjusted based on a *Johnson* factor used to generate the lodestar amount in the first place.[9]

---

[6] 488 F.2d 714 (5th Cir. 1974).
[7] *Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003).
[8] *Johnson*, 488 F.2d at 717–19.
[9] *Saizan*, 448 F.3d at 800.

2

## II.     ANALYSIS.

### A.     *Lodestar Calculation*[10]

#### 1.     Hours Reasonably Spent on the Case

The Court first turns to the lodestar calculation, which requires determining the hours reasonably spent on the case. Plaintiff argues that his attorney Enrique Chavez, Jr., spent 179.90 hours on the case, associate attorney Michael Anderson spent 147.95 hours, associate attorney Michael Osterberg spent 120.15 hours, and associate attorney Christine Chavez-Osterberg spent 52.25 hours, for a total of 500.25 hours.[11]

"In calculating the lodestar, '[t]he court should exclude all time that is excessive, duplicative, or inadequately documented.'"[12] Additionally, "plaintiffs seeking attorney's fees are charged with the burden of showing the reasonableness of the hours billed and, therefore, are also charged with proving that they exercised billing judgment," which requires "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant."[13] "The proper remedy" for failure to exercise billing judgment is "a reduction of the award by a percentage."[14]

The Court finds that Plaintiff's attorneys did not exercise billing judgment. The billing records explain that this firm "uses a communal email system whereby each email each lawyer or each assistant receives or sends is placed in a joint inbox or sent box."[15] Understandably, a review of Mr. Chavez's and Mr. Anderson's billing records reflect that they both billed various amounts

---

[10] In his reply, Plaintiff states that he is withdrawing his request to recover fees earned by legal assistants on the case. ECF No. 95 at 1. Therefore, the Court will not address the fees, if any, recoverable by Plaintiff's attorneys' legal assistants.

[11] ECF No. 90 at 3.

[12] *Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016) (quoting *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379–80 (5th Cir. 2010)).

[13] *Saizan*, 448 F.3d at 799.

[14] *Id.*

[15] ECF No. 90-1 at 58.

of time for reviewing the same correspondence, leading to duplicative entries.[16] Mr. Osterberg also

billed for reviewing the same correspondence once he joined the case.[17] Furthermore, Plaintiff's

attorneys all billed various amounts of time for reviewing orders issued by the Court.[18] And the

Court noted that in at least one instance, Plaintiff's attorneys billed for time spent reading emails

to correct their own mistakes.[19] Although the Court did not conduct an exhaustive inquiry of

Plaintiff's billing records, these issues alone reflect that Plaintiff's attorneys are billing for time

that is excessive and duplicative.

Plaintiff's attorneys also billed for clerical work such as reviewing and confirming calendar

events.[20] When hours are claimed for clerical work, they should be compensated at a lower rate,

or the number of compensable hours should be reduced.[21]

Finally, the hours Plaintiff's attorneys spent on the case should be reduced because of

Plaintiff's limited success in the case. Plaintiff brought suit against two defendants for violations

of the ADA.[22] At trial, Plaintiff prevailed on only one of his claims against Defendant.[23] He also

was not awarded any punitive damages.[24] The Court cannot award Plaintiff attorney's fees on

unsuccessful claims.[25] Instead, a court "may attempt to identify specific hours that should be

eliminated, or it may simply reduce the award to account for the limited success. The court

---

[16] ECF No. 90-1 at 58–79, 98–119.

[17] *Id.* at 138–155.

[18] *Id.* at 79–83, 119–123, 157–161.

[19] *See id.* at 61 (billing for reviewing emails from the Court requesting that Plaintiff's date of birth and social security number be redacted).

[20] *Id.* at 95–97, 135–137, 173–75.

[21] *Cruz v. Hauck*, 762 F.2d 1230, 1235 (5th Cir. 1985).

[22] ECF No. 1 at 50.

[23] *See* ECF No. 87.

[24] *See id.*

[25] *See Fessler v. Porcelana Corona De Mexico, S.A. DE C.V.*, 23 F.4th 408, 416 (5th Cir. 2022) ("It is axiomatic that 'work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved . . . and therefore no fee may be awarded for services on [an] unsuccessful claim.'" (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983))).

necessarily has discretion in making this equitable judgment."[26] Here, the Court will reduce the award by reducing the number of hours reasonably expended on the case.

Given the lack of billing judgment, the excessive and duplicative entries, and the inclusion of what appears to be simple clerical work, the Court will reduce the hours reasonably spent on the case. Because Enrique Chavez, Jr., was the only trial attorney on the case and spent a considerable amount of time in trial, the Court will reduce his hours by thirty percent. The Court will reduce the hours of the other attorneys by seventy percent.

### 2.      Reasonable Hourly Rate

Next, the Court must determine a reasonable hourly rate for Plaintiff's attorneys. Mr. Chavez requests a rate of $770 per hour, Mr. Anderson requests $330 per hour, Mr. Osterberg requests $330 per hour, and Ms. Chavez-Osterberg requests $270 per hour.[27]

"To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates."[28] "Hourly rates are to be computed according to the prevailing market rates in the relevant legal market . . . ."[29] "[T]he 'relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits.'"[30] "The hourly fee awarded must be supported by the record,"[31] and courts typically look to "attorneys' affidavits, hourly rate reports, and attorneys' fees awards in recent local cases to assist in determining the appropriate hourly rate."[32]

---

[26] *Hensley*, 461 U.S. at 436–37.
[27] ECF No. 90 at 3.
[28] *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).
[29] *Hopwood v. State of Tex.*, 236 F.3d 256, 281 (5th Cir. 2000).
[30] *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (quoting *Scham v. Dist. Cts. Trying Crim. Cases*, 148 F.3d 554, 558 (5th Cir. 1998)).
[31] *League of United Latin Am. Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997).
[32] *Hernandez v. Ho'olaulima Gov't Sols., LLC*, No. EP-23-CV-439-KC, 2024 WL 5274527, at *2 (W.D. Tex. Apr. 19, 2024).

Mr. Chavez submitted an affidavit and resume reflecting that he has over twenty-five years of experience practicing law.[33] Mr. Anderson also submitted his resume, showing that he has about twelve years of experience.[34] Mr. Osterberg provided his resume, showing that he has about ten years of experience.[35] Plaintiff's attorneys also submitted the 2023 yearbook of attorneys' fees and hourly rates created by the Texas Employment Lawyers Association.[36] Defendant argues that the yearbook is not probative of the hourly rates that should be awarded because it covers the entire Western District of Texas.[37] The Court agrees with other courts in this Division[38] that the yearbook is not probative of the amount that should be charged because it is not restricted to the community in which this Court sits.

Instead, the Court considers it appropriate to look at the hourly rates given to Plaintiff's attorneys by other courts in this Division. In 2023, a court granted Mr. Chavez an hourly rate of $350 and Mr. Anderson an hourly rate of $255.[39] In 2024, another district court considered a reasonable hourly rate for Mr. Chavez to be $400 and $275 for Mr. Anderson.[40] A magistrate judge recommended in 2025 a $411 hourly fee for Mr. Chavez, a $283 hourly fee for Mr. Anderson, and a $251 hourly fee for Ms. Chavez-Osterberg.[41]

Given Mr. Chavez's experience and taking into consideration what hourly rates other courts have set, the Court considers $425 to be a reasonable hourly rate for him. Similarly, the Court

---

[33] ECF No. 90-1 at 2, 15–17.
[34] *Id.* at 18.
[35] *Id.* at 19.
[36] *Id.* at 181–417.
[37] ECF No. 93 at 9.
[38] *Hernandez*, 2024 WL 5274527, at *3; *Ares v. Schneider Elec. USA, Inc.*, No. EP-19-CV-00283-FM, 2023 WL 3335041, at *3 (W.D. Tex. May 9, 2023).
[39] *Avialae S De Rl De Cv v. Cummins Inc.*, No. EP-19-CV-00380-FM, 2023 WL 5163901, at *6 (W.D. Tex. Aug. 3, 2023).
[40] *Hernandez*, 2024 WL 5274527, at *3.
[41] *Autry v. Ahern Rental, Inc.*, No. 3:19-CV-00154-DCG, 2025 WL 2816759, at *3–4 (W.D. Tex. July 22, 2025).

considers $300 to be reasonable hourly rates for Mr. Anderson and Mr. Osterberg. Ms. Chavez-Osterberg did not provide a resume or affidavit, but, according to Mr. Chavez, she graduated in the 2010s and has "less trial experience."[42] Therefore, the Court considers $250 to be a reasonable hourly rate for her.

The Court makes the following lodestar calculation:

| Attorney | Hourly Rate | Reasonable Hours Expended | Lodestar Calculation |
|---|---|---|---|
| Enrique Chavez, Jr. | $425 | 125.93 | $53,520.25 |
| Michael Anderson | $300 | 44.39 | $13,317.00 |
| Michael Osterberg | $300 | 36.05 | $10,815.00 |
| Christine Chavez-Osterberg | $250 | 15.68 | $3,920.00 |
| Total | | | $81,572.25 |

### B.    Johnson *Factors*

The Court next considers whether any of the *Johnson* factors require adjustment of the lodestar. Factors one, five, nine, and twelve have already been considered when generating the lodestar amount. Factor four is also "generally subsumed within the lodestar amount."[43]

Factors two, three, and eight do not merit adjusting the lodestar amount. As the Supreme Court has explained, these factors "are presumably fully reflected in the lodestar amount, and thus cannot serve as independent bases for increasing the basic fee award."[44] "The Supreme Court has barred any use of the sixth factor," and "[t]he seventh factor is subsumed in the number of hours reasonably expended."[45]

---

[42] ECF No. 90-1 at 8.
[43] *Heidtman v. Cnty. Of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999).
[44] *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986).
[45] *Walker v. U.S. Dep't of Hous. and Urb. Dev.*, 99 F.3d 761, 772 (5th Cir. 1996).

With respect to factor ten, the undesirability of the case, Mr. Chavez asserts that employment cases in general "are difficult and hard-fought"[46] but provides no evidence that this particular case was undesirable or presented exceptional difficulties. Similarly, with respect to factor eleven, there does not appear to be anything out of the ordinary with respect to the nature and relationship of Plaintiff's attorneys' professional relationship with him.[47] Therefore, none of the *Johnson* factors require adjusting the lodestar.

### C.    Sanctions

Lastly, the Court will sanction Plaintiff's attorneys for their failure to confer as required under the Local Rules.[48] Defendant states that Plaintiff's motion should be denied, or its fee request reduced, for Plaintiff's failure to confer with Defendant before filing his motion for attorney's fees.[49] Defendant points to a past case in this District and Division[50] where Plaintiff's attorneys failed to confer before filing a motion for attorney's fees and were admonished by the court as a result.[51] Plaintiff argues that his attorneys' belated conference with Defendant's attorneys on March 25, 2025, satisfies the requirements of the Local Rules and argues that an outright denial of Plaintiff's motion "would be disproportionate to Plaintiff's conduct."[52] The Court agrees that a complete denial of Plaintiff's motion would be too severe but will decrease the lodestar amount for Plaintiff's failure to follow the Local Rules, especially given that Plaintiff's attorneys have

---

[46] ECF No. 90-1 at 13.

[47] *See id.* at 14.

[48] *See Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (stating that a district court has "quite broad" authority to formulate and enforce local rules).

[49] ECF No. 93 at 2; *see also* Local Court Rule CV-54 ("Counsel for the parties shall meet and confer for the purpose of resolving all disputed issues relating to attorney's fees prior to making application.").

[50] *Avialae S De Rl De Cv v. Cummins Inc.*, No. EP-19-CV-00380-FM, 2023 WL 4987608 (W.D. Tex. June 15, 2023).

[51] ECF No. 93 at 5–6.

[52] ECF No. 95 at 1–2.

been warned before.[53] Therefore, the Court will reduce the attorney's fees award by twenty percent as a sanction for failure to confer, to $65,257.80.

### D.    Costs

Lastly, Plaintiff seeks costs in the amount of $1,892.11.[54] This covers the costs of filing the original and amended petitions, obtaining citations and electronic copies, deposing witnesses, mediating the case, and paying for parking during the trial.[55] Defendant objects that neither the mediation nor parking fees are recoverable.[56]

Federal courts may only award the costs articulated in 28 U.S.C. § 1920 "absent explicit statutory or contractual authorization to the contrary."[57] Section 1920 lists allowable costs as:

1.  Fees of the clerk and marshal;
2.  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
3.  Fees and disbursements for printing and witnesses;
4.  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
5.  Docket fees under section 1923 of this title;
6.  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.[58]

Filing fees are generally recoverable under § 1920,[59] as are the costs of depositions and copies.[60] Requests for citations would also fall under fees of the clerk. Mediation costs do not fall under § 1920.[61] With respect to the parking fees, Plaintiff lists the fees without clarifying whether

---

[53] *See Avialae*, 2023 WL 4987609, at *1.
[54] ECF No. 90 at 31.
[55] ECF No. 90-1 at 178.
[56] ECF No. 93 at 20.
[57] *Gagnon v. United Technisource, Inc.*, 607 F.3d 1036, 1045 (5th Cir. 2010) (citation omitted).
[58] 28 U.S.C. § 1920.
[59] *Smith W. Tex. Props., Ltd. v. Allied Prop. and Cas. Ins. Co.*, 555 F. Supp. 3d 342, 348 (W.D. Tex. 2021).
[60] *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130–31 (5th Cir. 2015).
[61] *Cook Child.'s Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 277 (5th Cir. 2007).

they are for witnesses or Plaintiff's attorneys. Travel expenses for an attorney do not fall under § 1920[62] but such expenses for witnesses are allowable.[63] The Court will disallow parking fees because Plaintiff does not clarify who incurred them.

## III.    CONCLUSION.

For the reasons stated above, Plaintiff's motion for attorney fees and costs [ECF No. 90] is granted in part and denied in part. Plaintiff is awarded $65,257.80 in attorney's fees and $1,259.06 in costs.

**SO ORDERED**.

**SIGNED** and **ENTERED** on January 13, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[62] *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993).
[63] *Embotelladora Agral Regiomontana, S.A. de C.V. v. Sharp Cap., Inc.*, 952 F. Supp. 415, 418 (N.D. Tex. 1997).